**Dated: February 28, 2012**

**The following is ORDERED:**



Tom R. Cornish

TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:
KRISTOFER TYREL BROWN                    Case No. 11-81069-TRC
LEIGH ELLEN BROWN,                        Chapter 13

                    Debtors.

O R D E R

On the 16th day of February, 2012, the Objection to Claim #2-2 of AmeriCredit

Financial Services, Inc. filed by Trustee  (Docket Entry 51) and Response of AmeriCredit Financial

Services, Inc. (Docket Entry 70) came on for hearing before this Court.  Appearances were entered

by William Mark Bonney, Standing Chapter 13 Trustee, and Layla J. Dougherty, Attorney for

AmeriCredit Financial Services, Inc. ("AmeriCredit").  The matter was taken under advisement.

Trustee objects to the following language added to AmeriCredit's Proof of Claim:

"Claimant reserves right to amend claim."  The basis for Trustee's objection is that a claim may not

be amended to be inconsistent with a confirmed Chapter 13 plan, pursuant to 11 U.S.C. §1327(a).

Trustee argues that this language implies that the Creditor has an unfettered right to amend its

proof of claim post-confirmation. Trustee does not object to the claim itself or amount of the claim,

although Trustee has asked this Court to reduce the allowed amount of the claim by $500 due to

AmeriCredit's refusal to remove this language from its proofs of claim at his request. He pledged that he will not oppose future amendments of claims on the ground that the original claim did not include this language reserving a right to amend.

AmeriCredit argues that Trustee's objection is premature. This language is added out of an abundance of caution in response to other courts' denial of amendments to claims because this language was not included in the original claim. AmeriCredit acknowledges that any post-confirmation amendment of a claim is subject to Court approval, and this language cannot change that.

There is no specific provision of the Bankruptcy Code or Rules regarding amendment of proofs of claim. Courts have allowed post-bar date amendments to claims based upon certain equitable considerations. *See, e.g., In re Tanaka Bros. Farms, Inc.*, 36 F.3d 996, 998-99 (10th Cir. 1994). Ultimately, whether an amended claim will be allowed is left to this Court's sound discretion. *See Matter of Stavriotis*, 977 F.2d 1202 (7th Cir. 1992); *see also In re Limited Gaming of America, Inc.*, 213 B.R. 369, 372 (Bankr. N.D. Okla. 1997). Section 1327(a) does bind creditors to the terms of a confirmed plan and the confirmation order is *res judicata* as to all issues addressed in the plan. However, the Court will not foreclose the possibility that a situation may arise in which it may need to allow post-confirmation amendment to a claim. Thus, the Court does not find that the added phrase in AmeriCredit's proof of claim contravenes or violates § 1327 and must therefore be stricken. The Court views this language as mere surplusage, which cannot thwart or impair this Court's authority to allow or disallow proofs of claim pursuant to 11 U.S.C. § 502, and amendments to proofs of claim. AmeriCredit cannot grant itself rights not available under the Code or the Rules and remove its actions from this Court's review. Fed. R. Bankr. P. 3001 provides that a proof of claim must "conform substantially" to the Official Form. The Court believes that AmeriCredit's claim with the addition of this language does substantially conform to

Official Form 10. The Court also agrees with AmeriCredit that this objection to a possible future amendment of its claim is premature and does not present a justiciable issue. A decision at this point in time regarding the allowance or disallowance of a potential amended claim would amount to an advisory opinion, which this Court will not enter.

IT IS THEREFORE ORDERED that Objection to Claim #2-2 of AmeriCredit Financial Services, Inc. filed by Trustee (Docket Entry 51) is hereby **overruled**.

###